PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAWN M. RANK, | ) |
|     Petitioner, | ) CASE NO. 4:20CV1343 |
| v. | ) JUDGE BENITA Y. PEARSON |
| MARK K. WILLIAMS, WARDEN, | ) |
|     Respondent. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 1] |

*Pro se* Petitioner Shawn M. Rank, an inmate in the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton") filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate relief from the prison due to the COVID-19 pandemic and the outbreak of the virus at FCI-Elkton. ECF No. 1. For the reasons that follow, the petition is denied, and this action is dismissed without prejudice.

## I. Background

Petitioner was convicted on four counts of bank robbery in the Northern District of Illinois in 2017 and was sentenced to 70 months incarceration. His projected release date is July 2021. He had a heart attack in 2019 and suffers from hypertension. ECF No. 3-3 at PageID #: 33. He contends that despite the measures taken by the Bureau of Prisons ("BOP"), FCI-Elkton has the third largest number of confirmed cases of COVID-19 of all BOP facilities. ECF No. 1 at PageID 6-7. He claims his medical conditions place him at a high risk of developing severe

(4:20CV1343)

complications if he contracts the virus. *Id*. He applied to his sentencing court for compassionate release but his request was denied. *Id*. He has now filed this § 2241 Petition seeking "Emergency Relief from FCI Elkton due tot he spread of COVID-19 within the prison." *Id*. at PageID #: 8.

## II. Standard of Review

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). For the following reasons, the Petition is dismissed without prejudice.

## III. Discussion

Before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust all his administrative remedies within the BOP. *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir.1981) (*per curiam*). Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

(4:20CV1343)

In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford.* 548 U.S. at 89; *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981)).

This Court joins other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief under § 2241 due to COVID-19 circumstances. *See, e.g., Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020); *Simmons v. Warden, FCI-Ashland*, No. 20-040-WOB, 2020 WL 1905289, at *3 (E.D. Ky. Apr. 17, 2020). As the court reasoned in *Bronson*, "the same prudential concerns surrounding the enforcement of the exhaustion requirement" for motions for compassionate release under 18 U.S.C. § 3582 due to COVID-19 apply to a prisoner's request for release via a § 2241 petition. *See Bronson*, 2020 WL 2104542, at **2-3 (noting that the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID risk factors).

While motions seeking habeas relief and motions seeking compassionate release may overlap, particularly when they relate specifically to conditions in prison related to an infectious

3

(4:20CV1343)

disease, these two mechanisms offer distinct relief, and have distinct procedural prerequisites.[1] In the compassionate release context, by statute prisoners must "'fully exhaust[ ] all administrative rights to appeal' with the prison *or* wait 30 days after his first request to the prison." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (emphasis added). Rank did enough to bring his motion for compassionate release to the judge that sentence him,[2] but did no more before bringing this case. Despite being expressly informed by counsel that he must fully exhaust his remedies to continue to pursue the relief he seeks, ECF No. 3-1 at PageID #: 21,[3] Rank has not.

When "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (collecting cases). Here, Rank expressly confirms he has not pursued remedies beyond an initial request to the Warden for compassionate release. ECF No. 1 at PageID #: 2, 6.

---

[1] *See Lagan v. Edge*, No. 20CV2221(AMD), 2020 WL 3403109, at *1 (E.D.N.Y. June 19, 2020) (discussing and contrasting habeas and compassionate release motions as each relates to COVID-19).

[2] The sentencing judge has repeatedly denied Rank's requests, explaining: "Given the seriousness of the crimes he committed, the risk of recidivism he poses, the concomitant need for deterrence and incapacitation, the Court concludes that reducing the defendant's sentence to time served would result in a sentence that is inadequate to serve [the sentencing objectives set forth in 18 U.S.C. § 3553(a)] and is therefore not appropriate under § 3582(c)(1)(A)." *USA v. Rank*, ECF Nos. 47, 49, 3:16CR50035 (N.D. Il June 2016) (alteration in ECF No. 49).

[3] Rank's sentencing judge has required that Rank exhaust his remedies rather than only waiting the 30 days if he elects to file a subsequent motion for compassionate release.

(4:20CV1343)

Because Rank has not exhausted the remedies available to him, his Petition must be dismissed without prejudice.[4]

## IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


| November 30, 2020 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] Additionally, pursuit of a compassionate release claim may leave a habeas claim unexhausted and defaulted. While a prisoner may seek similar relief, he may only present exhausted claims, even if he seeks the same relief under multiple theories. *See Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001) ("Although Engle sought compassionate release from the warden, he did not appeal the decision and he did not raise an Eighth Amendment claim. Thus, he has procedurally defaulted his [§ 2241 habeas claim] and must show cause and prejudice for the failure to exhaust.")

5